UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **PABLO JOSE VALLES CHIRINOS**,<br><br>        Petitioner,<br><br>v.<br><br>**PATRICIA HYDE**, Acting Director of Boston Field Office, U.S. Immigration and Customs Enforcement, et al.<br><br>        Respondents. | Civil Action No. 1:25-CV-11641-AK |

**ORDER CONCERNING STAY OF TRANSFER OR REMOVAL**

**ANGEL KELLEY, D.J.**

      Petitioner Pablo Jose Valles Chirinos, a Venezuelan national, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241(a) (the "Petition"), contending that he is being unlawfully confined in violation of the Constitution and laws of the United States.

1. **Jurisdiction**

      The protections of the Constitution apply to all persons within the jurisdiction of the United States, including citizens and non-citizens alike. See Plyler v. Doe, 457 U.S. 202, 210 (1982) (noting that "[a]liens, even aliens whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments"). Although a federal district court does not generally have subject-matter jurisdiction to review orders of removal issued by an immigration court, see 8 U.S.C. § 1252(a)(1), (g), it does, however, have jurisdiction over habeas petitions. 28 U.S.C. § 2241(a); see U.S. Const. art. I, § 9, cl. 2 (providing that "[t]he Privilege of the Writ of Habeas Corpus

1

shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it").

A federal court "always has jurisdiction to determine its own jurisdiction," including its own subject-matter jurisdiction. Brownback v. King, 592 U.S. 209, 218-19 (2021) (quoting United States v. Ruiz, 536 U.S. 622, 628 (2002)).  In order to give the Court an opportunity to consider whether it has subject-matter jurisdiction, and if so to determine the validity of the habeas petition, the court may order respondent to preserve the status quo.  See United States v. United Mine Workers of Am., 330 U.S. 258, 293 (1947) (ruling that "the District Court ha[s] the power to preserve existing conditions while it [is] determining its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous).  Such an order is valid unless and until it is overturned, even when the issuing court lacks subject-matter jurisdiction to determine the merits of the underlying action.  See id. at 294-95.  That principle applies with even greater force where the action the court enjoins would otherwise destroy its jurisdiction or moot the case.  See United States v. Shipp, 203 U.S. 563, 573 (1906).

2. **Order**

To provide an opportunity for a fair and orderly consideration of this matter and resolve any contested issues about jurisdiction, the Court hereby **DIRECTS** and **ORDERS** as follows:

    a. **Stay of Transfer or Removal**

Petitioner shall not be deported, removed, or otherwise transferred outside the United States until further Order of this Court.  Should the Government find that movement of the Petitioner is necessary, it must provide advance notice of the intended move which shall be filed in writing on the docket in this proceeding and state the reason why the Government believes such a movement is necessary and cannot be stayed pending further court proceedings.  Once

that notice has been docketed, the Petitioner shall not be moved for a period of at least 72 hours from the time of that docketing.

### b. **Response to Petition**

Respondents shall answer or otherwise respond to the Petition no later than the close of business on **Wednesday, June 11, 2025**.

Petitioner shall file a reply, if any, to the Respondents no later than the close of business on **Friday, June 20, 2025**.

### c. **Measurement of Time Periods**

If the time periods stated in hours "would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(2)(C).

If the time periods stated in days "would end on a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

Any of the time periods may be shortened or extended as may be appropriate by further order of the Court.

This Order shall remain in effect until further order of this Court.

**SO ORDERED.**

/s/ Angel Kelley  
Hon. Angel Kelley  
United States District Judge

Issued at Boston, Massachusetts  
June 6, 2025  
5:26 PM